LATHAM & WATKINS LLP
  Meryn C. N. Grant (State Bar No. 291315)
  *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

LATHAM & WATKINS LLP
  Benjamin A. Naftalis (*pro hac vice forthcoming*)
  *benjamin.naftalis@lw.com*
  Kevin M. McDonough (*pro hac vice forthcoming*)
  *kevin.mcdonough@lw.com*
885 Third Avenue
New York, New York 10022-4834
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

Counsel for Defendants and Nominal Defendant Funko, Inc.

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FUNKO, INC. DERIVATIVE LITIGATION<br>———————————————<br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. 2:20-cv-03740-VAP-PJW<br><br>**STIPULATION TO STAY ACTION** |

**WHEREAS**, on April 23, 2020, Plaintiffs Franco Cassella, Dean Marconi, and Jacoby Plummer filed a shareholder derivative action on behalf of nominal defendant Funko, Inc. ("Funko" or the "Company") in this Court alleging breaches of fiduciary duty, unjust enrichment, and violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder against defendants Brian Mariotti, Gino Dellomo,

Michael Lunsford, Charles Denson, Adam Kriger, Ken Brotman, and Diane Irvine, and nominal defendant Funko, captioned *Franco Cassella, et al. v. Brian Mariotti, et al.*, Case No. 2:20-cv-03740 (C.D. Cal.) (the "*Cassella* Action");

**WHEREAS**, on May 5, 2020, the Court entered an Order relating the *Cassella* Action to a related securities class action pending in this Court, captioned *Gilberto Ferreira v. Funko, Inc., et al.*, Case No. 2:20-cv-02319-VAP-PJW (C.D. Cal.) (the "Securities Litigation"), and transferred the *Cassella* Action to Judge Virginia A. Phillips and Magistrate Judge Patrick J. Walsh (*see Cassella* Action, Dkt. #12);

**WHEREAS,** on June 5, 2020, Plaintiff Amber Evans filed a shareholder derivative action on behalf of nominal defendant Funko in this Court alleging breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act against defendants Brian Mariotti, Jennifer Fall Jung, Russell Nickel, Ken Brotman, Gino Dellomo, Charles Denson, Diane Irvine, Adam Kriger, Michael Lunsford, and Sarah Kirshbaum Levy (captioned *Amber Evans v. Brian Mariotti, et al.*, Case No. 2:20-cv-05001 (the "*Evans* Action");

**WHEREAS**, on June 16, 2020, Plaintiff Michael Igelido filed a shareholder derivative action in this Court alleging substantially similar facts as the *Cassella* and *Evans* Actions, and making similar claims against the same defendants as the *Evans* Action, captioned *Michael Igelido v. Brian Mariotti, et al.*, Case No. 2:20-cv-05177 (the "*Igelido* Action," and together with the *Cassella* and *Evans* Actions, collectively the "Derivative Action");

**WHEREAS**, on July 6, 2020, the Court entered an Order consolidating the *Cassella* Action, the *Evans* Action and the *Igelido* Action into this Derivative Action;

**WHEREAS**, on July 31, 2020, Lead Plaintiffs in the Securities Litigation filed a First Consolidated Amended Class Action Complaint alleging, inter alia, that the Securities Litigation Defendants violated the Securities Exchange Act of 1934;

**WHEREAS**, the Securities Litigation Defendants anticipate filing in the Securities Litigation a motion to dismiss for failure to state a claim;

**WHEREAS**, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" and, as a result, until the anticipated motion to dismiss in the Securities Litigation is decided, discovery in the Securities Litigation will be stayed;

**WHEREAS**, in order to ensure economy of time and effort for the Court, for counsel, and for litigants, Plaintiffs and Defendants have agreed that, in light of the overlap between the Derivative Action and the Securities Litigation, and in light of the automatic stay of discovery under the PSLRA, that the Derivative Action should be voluntarily stayed on the terms set forth below unless and until entry of an order finally resolving the motion to dismiss in the Securities Litigation and the exhaustion of all appeals related thereto; and

**WHEREAS**, the Parties agree that this Stipulation is made in full reservation of and without waiver or prejudice of any rights, claims, objections, defenses, arguments, and motions in relation to the Complaint (or any subsequently filed complaint), whether jurisdictional, procedural, substantive or otherwise, that any party may have.

IT IS HEREBY STIPULATED AND AGREED by the Parties and their undersigned counsel as follows:

1. The Derivative Action shall be temporarily stayed until the entry of an order finally resolving the motion to dismiss the amended complaint in the Securities Litigation and the exhaustion of all appeals thereto, as the stay will promote the efficient and orderly administration of justice by coordinating the prosecution of the Derivative Action and the Securities Litigation.

2. Defendants shall promptly notify Plaintiffs of any related derivative lawsuits of which they become aware.

3. The Parties agree that if the plaintiff in any related derivative lawsuit refuses to agree to a stay under similar terms, Plaintiffs may lift the agreed stay upon ten (10) days' notice in writing.

1     4.    During the pendency of the stay, Plaintiffs may file a consolidated complaint, though Defendants are not required to move against, answer or otherwise respond to such a consolidated complaint during the pendency of the stay.

    5.    Within fifteen (15) days following the lifting of the stay in accordance with the provisions of this stipulation, the Parties will submit a proposed schedule to the Court regarding Defendants' response to the complaint in the Derivative Action.

    6.    All deadlines, hearings, or conferences currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties, or as otherwise set by the Court.

**IT IS SO STIPULATED.**

                                      Respectfully Submitted By:

DATED: August 12, 2020          **LATHAM & WATKINS LLP**

                                      <u>/s/ Meryn C. N. Grant</u>
                                      Meryn C. N. Grant
                                      (State Bar No. 291315)
                                      355 South Grand Avenue, Suite 100
                                      Los Angeles, California 90071-1560
                                      Tel:    213.485.1234
                                      Fax:    213.891.8763
                                      E-mail: meryn.grant@lw.com

                                      Kevin M. McDonough
                                      (*pro hac vice* motion forthcoming)
                                      Benjamin A. Naftalis
                                      (*pro hac vice* motion forthcoming)
                                      885 Third Avenue
                                      New York, New York 10022-4834
                                      Tel:    212.906.1200
                                      Fax:    212.751.4864
                                      E-mail:  kevin.mcdonough@lw.com
                                      E-mail:  benjamin.naftalis@lw.com

|   |   |   |
|---|---|---|
| | | *Counsel for Nominal Defendant Funko, Inc. and Defendants Brian Mariotti, Gino Dellomo, Michael Lunsford, Charles Denson, Adam Kriger, Ken Brotman, Diane Irvine, Jennifer Fall Jung, Russell Nickel, and Sarah Kirshbaum Levy* |
| DATED: August 12, 2020 | | **GAINEY McKENNA & EGLESTON** |
| | | */s/* Thomas J. McKenna |
| | | Thomas J. McKenna (*pro hac vice*) |
| | | 501 Fifth Avenue, 19th Floor |
| | | New York, NY 10017 |
| | | Telephone: (212) 983-1300 |
| | | Facsimile: (212) 983-0383 |
| | | Email: tjmckenna@gme-law.com |
| | | *Counsel for Plaintiffs Franco Cassella, Dean Marconi, and Jacoby Plummer and Co-Lead Counsel* |
| DATED: August 12, 2020 | | **THE ROSEN LAW FIRM, P.A.** |
| | | */s/* Laurence M. Rosen |
| | | Laurence M. Rosen |
| | | (State Bar No. 219683) |
| | | 355 South Grand Avenue, Suite 2450 |
| | | Los Angeles, California 90071 |
| | | Telephone: (213) 785-2610 |
| | | Facsimile: (213) 226-4684 |
| | | Email: lrosen@rosenlegal.com |
| | | *Counsel for Plaintiff Amber Evans and Co-Lead Counsel* |

| | | |
|---|---|---|
| 1 | DATED: August 12, 2020 | **TOSTRUD LAW GROUP, P.C.** |
| 2 | | */s/* Jon A. Tostrud |
| 3 | | Jon A. Tostrud |
| 4 | | 1925 Century Park East, Suite 2100 |
| 5 | | Los Angeles, California 90067 |
| 6 | | Telephone: (310) 278-2600 |
| 7 | | Facsimile: (310) 278-2640 |
| | | Email: jtostrud@tostrudlaw.com |
| 8 | | *Liaison Counsel for Plaintiffs Franco Cassella, Dean Marconi, and Jacoby Plummer* |
| 9 | | |
| 10 | | |
| 11 | DATED: August 12, 2020 | */s/* Robert C. Moest |
| 12 | | Robert C. Moest, Of Counsel |
| 13 | | (State Bar No. 62166) |
| 14 | | 2530 Wilshire Boulevard, Second Floor |
| 15 | | Santa Monica, California 90403 |
| 16 | | Telephone: (310) 915-6628 |
| | | Facsimile: (310) 915-9897 |
| 17 | | Email: RMoest@aol.com |
| 18 | | *Liaison Counsel for Plaintiff Michael Igelido* |
| 19 | | |
| 20 | | **THE BROWN LAW FIRM, P.C.** |
| 21 | | Timothy Brown |
| 22 | | (*pro hac vice*) |
| 23 | | 240 Townsend Square |
| 24 | | Oyster Bay, New York 11771 |
| 25 | | Telephone: (516) 922-5427 |
| | | Facsimile: (516) 344-6204 |
| 26 | | Email: tbrown@thebrownlawfirm.net |
| 27 | | *Counsel for Plaintiff Michael Igelido* |
| 28 | | |

## ATTESTATION

I hereby attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all other signatories listed above, and on whose behalf the filing is submitted, concur in the content of this filing and have authorized this filing.

Dated: August 12, 2020

**LATHAM & WATKINS LLP**

By: /s/ Meryn C. N. Grant
Meryn C. N. Grant